Citation Nr: AXXXXXXXX
Decision Date: 07/30/21 Archive Date: 07/30/21

DOCKET NO. 190405-17370
DATE: July 30, 2021

ORDER

Entitlement to service connection for residuals of chemical burns to the eyes is granted.

FINDING OF FACT

The evidence is at least in equipoise as to whether the Veteran's dry eye syndrome is related to his military service.

CONCLUSION OF LAW

The criteria for entitlement to service connection for residuals of chemical burns to the eyes have been met. 38 U.S.C. §§ 1110, 1131, 5103, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served active duty in the United States Navy from August 1996 to July 1999. 

By way of history, the Veteran filed an original claim for service connection for an eye condition in August 2000, which was denied in an August 2001 rating decision. The Veteran did not appeal that decision and, therefore, it became final. The Veteran attempted to reopen the claim, which was denied in March 2017. The Veteran submitted new evidence and the claim was reopened, further developed, and adjudicated in the legacy system of appeals in May and December 2017. 

The Veteran initiated a legacy appeal in December 2017. In May 2018, he offered the opportunity to enter the modernized appeal system and did so, by opting into the Rapid Appeals Modernization Program (RAMP). He selected the Higher-Level Review (HLR) process. The HLR decision was issued in July 2018, at which time the RO decided the claim on the merits, thereby implicitly finding that new and residuals of chemical burns to the eyes relevant evidence had been submitted. This is a favorable finding by which the Board is bound. 

The Veteran appealed the July 2018 decision by submitting a timely VA Form 10182, Decision Review Request: Board Appeal, in March 2019. The Veteran elected the Hearing docket at that time. He presented testimony in a videoconference hearing before the undersigned Veterans Law Judge in April 2021. A copy of the transcript has been associated with the claims folder. 

Under the terms of the AMA, the Board may only consider the evidence of record at the time of the RAMP HLR decision, as well as any evidence submitted by the Veteran or his representative at the April 2021 hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a).

Service Connection

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability, (2) in-service incurrence or aggravation of a disease or injury, and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004). In certain circumstances, lay evidence may also be competent to establish a medical diagnosis or medical etiology. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). The determination as to whether these requirements are met is based on an analysis of all the evidence of record and the evaluation of its credibility and probative value. See Baldwin v. West, 13 Vet. App. 1, 8 (1999).

1. Entitlement to service connection for residuals of chemical burns to the eyes

The Veteran contends that he is entitled to service connection for an eye condition resulting from an in-service fuel spill to his eyes. The Veteran testified that, while conducting an underway replenishment, a fueling hose disconnected while he was underneath it, when the ship rolled at sea, causing fuel to spill on his entire body, to include in his eyes and mouth. He has provided the statement of a servicemember in confirming the occurrence of the fuel spill. He reports attending sick call to flush his eyes on the ship and also reporting to the doctors on base once in port. The Veteran recalls the doctor on base warned he may have permanent damage to his eyesight due to the chemical burns he suffered. He testified that his tear ducts have closed, preventing his eyes from producing moisture. 

VA and private treatment records show the Veteran has a current diagnosis of dry eye syndrome of bilateral lacrimal glands. Therefore, the first element of service connection is met. 

The evidence also confirms that an in-service injury occurred and thus, the second element of service connection is met. The Veteran's service treatment record shows a November 1997 incident occurred while the Veteran refueled an aircraft. He presented to sick call with severe burning in both eyes resulting from the fuel splash. He was noted to have bilateral chemical burns and was treated with an injection and flushing of the eyes for 45 minutes. However, the Veteran complained of continued bilateral burning, irritation, and blurry vision. He was found to have possible ulceration in both eyes with mild tearing. 

As there is an in-service injury and a current disability, the question for the Board becomes whether a causal relationship exists between the two. On this, there is evidence in favor and against the claim. 

The evidence against the claim includes a VA exam and negative nexus opinion. The Veteran was first provided a VA examination in November 2000. The examiner noted a normal eye exam with a lack of corneal scarring and staining bilaterally; however, he did not provide an opinion or medical rationale regarding any potential relationship to the Veteran's military service. 

The Veteran submitted additional medical evidence and was subsequently given an in-person VA examination in April 2017. The examiner opined the Veteran's eye condition was less likely than not related to the in-service fuel spill. She cites medical materials in support of the conclusion that diesel does not cause prolonged or significant eye irritation and notes no corneal findings or scarring was seen upon examination. 

The evidence in favor of the claim includes treatment records and opinions from several private optometrists. A November 2017 opinion from the Veteran's optometrist, Dr. DKT, concludes the Veteran's left and right eye conditions are at least as likely as not related to "trauma due to the chemical burns" while on active duty. More concretely he states, "There is no evidence to show, or reason to expect that he has a new or different cause for [his eye] problems." 

At his April 2021 hearing, the Veteran submitted a November 2018 Disability Benefits Questionnaire (DBQ) from Dr. MRC indicating the Veteran's ability to function may be affected by his dry eye syndrome due to inconsistent clarity of his vision. Dr. MRC concluded, "I can only assess his current condition and causes, and it is at least as likely as not that his condition could have been caused by his accident as it is not necessarily typical of someone his age." 

Further private treatment records support a positive nexus relationship between the Veteran's diagnosis and service, including: a November 2000 private eye examination by Dr. EYE indicating an otherwise normal medical history; a March 2017 treatment record of Dr. KER noting a possible link to fuel to the eyes and a one centimeter abrasion to the right eye in 1997; and January 2018 treatment at the Eye Specialty Group indicating a gradual onset from gasoline poured onto the Veteran's eyes resulting in headaches, glare, and blurry near and far vision. 

As the Veteran's representative has pointed out, the VA examiner's opinion provides internally inconsistent conclusions and opinions, and as such, the Board affords it diminished probative value. Although the examiner concluded diesel is not shown to cause prolonged irritation, she also notes, "possible health effects depend on how they were exposed, length of time exposed, and personal factors such as age, gender, genetic traits, and diet" without taking such factors into consideration for the Veteran. The Veteran also reported to the examiner that he experiences headaches that are provoked by his chronic eye irritation such that he takes time off from work. The examination report shows exposure to fuels may include symptoms of irritation to unprotected skin and eyes, headaches, dizziness, and fatigue, but notes "scientific research on long-term effects is not conclusive." Additionally, the Veteran's representative contends the VA examiner relied on safety data sheets rather than scientific publications and noted contradictory findings by the National Institute of Health and Harvard Medical School.

The Board finds the evidence is at least in equipoise on the issue of medical nexus. The Veteran is considered competent to report the observable manifestations of his claimed disability. Layno v. Brown, 6 Vet. App. 465 (1994). Review of the evidence shows the Veteran's statements and contentions have remained consistent since he filed his claim a year after his separation. Further, the medical evidence shows consistent reports of symptomology which are supported by private medical opinions that are consistent with treatment sought throughout the claims period. 

Upon review of the record, the Board finds the evidence to at least be in equipoise as to whether the Veteran's current eye condition is related to his military service. Accordingly, after resolving all doubt in favor of the Veteran, the Board finds that service connection for dry eye syndrome of the lacrimal glands is warranted. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

 

 

Bethany L. Buck

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board T.N. Chapman, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.